THE A. J. HARWI HARDWARE COMPANY v. CONRAD KLIPPERT AND HENRY REH.

No. 13,225.  (74 Pac. 254.)

SYLLABUS BY THE COURT.

1. GARNISHMENT— *Vacation of Judgment Against the Garnishee.* A judgment rendered against a garnishee under the statute, that he pay money into court to be applied in payment of a judgment held by the plaintiff against the principal defendant, is enforceable like any other money judgment, and can be set aside only as other judgments are.

2. ——— *Duty of Garnishee in Answering—Negotiable Notes.* It is the duty of the garnishee to disclose in his answer all the facts and circumstances necessary to a complete understanding of the indebtedness which the answer shows is due from him to the principal defendant; and where it shows an indebtedness on a promissory note, and does not show that such note is negotiable, a judgment rendered against the garnishee is not void.

Error from Brown district court; WILLIAM I. STUART, judge.  Opinion filed November 7, 1903.  Reversed.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*James Falloon*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The A. J. Harwi Hardware Company had judgment against Conrad Klippert. A summons in garnishment was issued to Henry Reh, who answered that he was at the time of the service of the summons indebted, or under liability, to the defendant, Conrad Klippert, in the sum of $560 ; that the same was evidenced by four promissory notes to come due at stated times thereafter. He did not state in his answer whether or not the notes were negotiable. Upon this answer judgment was rendered directing that Reh pay into court the amounts due on these notes as the same should mature, such payments to be applied on the judgment against Klippert. More than one year thereafter Reh filed his motion asking that the judgment against him be set aside for the following reasons :

"1. At time of garnishment said notes were the property of, and held by the Bank of Horton, a state bank at Horton, Kansas, as collateral security for a debt owing by defendant to said bank of Horton which was not known by the garnishee at time of answer ; that said notes are still so held.

"2. That said notes executed by garnishee to defendant were and are negotiable promissory notes.

"3. That answer of garnishee did not authorize or empower the rendition of the judgment and order against him."

Upon the hearing of that motion it was made to appear that the notes executed by Reh to Klippert were negotiable, and had been negotiated before Reh was garnished. The court set aside its former judgment

that Reh was liable as garnishee and discharged him. It is from this order, and to reverse the same, that the hardware company now prosecutes this proceeding.

We must first inquire as to the nature of the judgment rendered in the garnishment proceedings against the garnishee under the provisions of our statute as they now exist. We find first that the attaching creditor is required to file his affidavit. This forms the basis of his claim against the garnishee. Thereupon summons is issued which brings the garnishee into court, and, being in court, he is called upon to answer under oath concerning his relationship to the principal debtor. If this answer denies liability, the answering garnishee goes free unless issue is taken upon such answer. Unless the garnishee makes general denial of liablity he must file an affidavit showing the facts of his indebtedness to the defendant, or the possession of any of his property, effects, or credits of any kind which he may have in his hands. He is required to set up all facts and circumstances which may throw light upon these questions. If the judgment-creditor takes issue upon the answer of the garnishee, then the issues stand for trial as any other civil action, in which plaintiff's affidavit is deemed a petition, and the garnishee's affidavit the answer thereto. Section 200$j$ of the code of civil procedure (Gen. Stat. 1901, § 4644) provides as follows:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto;   .   .   .   The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respective interests.   .   .   . The judgment against a garnishee shall acquit and discharge him from all demands by the defendant or

his representatives for all money, goods, effects or credits paid, delivered or accounted for by the garnishee by force of such judgment."

It would seem clear that it was intended by the legislature that the judgment rendered by the court in these proceedings should be something more than a simple order putting the judgment creditor in the shoes of the judgment debtor as respects the garnishee, as was the case under the former law. The conclusion of the court arising upon issues joined and out of a trial had is a judgment; it is rendered in an action. This judgment is to be enforced as are other judgments, and is one which relieves the garnishee from the demands of the principal defendant upon him; in short, it is a judgment rendered in a civil action. It is as much of a judgment against the garnishee as though rendered in any other civil action. He, to all intents, becomes a judgment debtor. That being the character of the judgment, it follows that it can only be set aside in the court rendering it, under the provisions of section 568 of the code of civil procedure (Gen. Stat. 1901, § 5054). It will not require a detailed examination of the provisions of this section to warrant the assertion that in it is nowhere found authority for the setting aside of this judgment at the time it was done or by the means used.

It is suggested that this is a void judgment and may be set aside at any time under the authority of the last clause of section 575 of the code of civil procedure (Gen. Stat. 1901, § 5061), which is: "A void judgment may be vacated at any time, on motion of a party or any person affected thereby." It is here contended that this judgment against Reh was void, because as his answer showed only that he was indebted to Klippert upon promissory notes, without showing

that they were non-negotiable, not enough facts ap-
peared therein to warrant or sustain a judgment. It
is true, the garnishment act provides that the gar-
nishee shall not be held upon any negotiable bill, draft
or note, and had Reh in his answer made it appear
that the liability arose upon such an instrument the
court would not have rendered the judgment it did.
But the statute imposes the obligation upon the gar-
nishee to disclose all of the facts and circumstances
necessary to a complete understanding of his indebt-
edness or liability.    The parties and the court had a
right to assume that he had done so.    The facts were
within his knowledge necessarily ; or, if not, he should
have so disclosed.    As he did not disclose the fact that
the promissory notes on which he was indebted were
negotiable, and thus bring himself within the protec-
tion of the statute, the court was not bound to inquire
further, but had authority to render judgment upon
the liability as disclosed by the answer.    The duty
rested upon him to furnish the reasons for his dis-
charge, when once he admitted liability, and not upon
the judgment creditor to show that the liability was
such as would entitle him to such judgment ( *Gatchell
& Co. v. Foster*, 94 Ala. 622,) at least, we may not say
that the judgment was void because of the omission to
show the fact of the negotiability of the notes.    It
therefore could not be set aside as such.

It appears that subsequently to the rendition of the
garnishment judgment against Reh the Bank of Hor
ton, which held his notes as collateral to the note of
Conrad Klippert, brought suit against Klippert and
Reh, making the hardware company a party defend-
ant.    In that action judgment was rendered by con-
sent of the hardware company disposing of the last
Reh note otherwise than as directed by the judgment

in its favor, and it is now claimed that by such consent the hardware company has lost its right to enforce its judgment against Reh.   We are inclined to think this claim is correct so far as this note is concerned, but its judgment would be disturbed only to that extent.

The judgment of the district court upon the motion of the defendant Reh to set aside the garnishee judgment against him will be reversed as to the three notes not involved in the last-mentioned order of the court.

All the Justices concurring.