## BELL-WAYLAND CO. v. NIXON.

No. 6220.     Opinion Filed April 5, 1916.

(156 Pac. 1195.)

1.  **JUSTICES OF THE PEACE—Garnishment—Effect.** An order of a justice of the peace directing a garnishee to pay money into court simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It merely assigns the claim from the debtor to the creditor.

2.  **GARNISHMENT—Proceedings to Support—Action Against Garnishee.** In an action by the plaintiff against the garnishee for a failure to comply with the order made by the justice directing the payment of money into court, the plaintiff is entitled to recover if he shows a valid judgment in his favor against his debtor, a garnishee summons, an answer of the garnishee, an order of court directing the money to be paid into court, a refusal, and a liability to the debtor by the garnishee at the time of the service of garnishee summons.

3.  **JUSTICES OF THE PEACE—Garnishment—Liabilities Subject—Negotiable Instrument.** Where a garnishee answers and admits a liability, undenied, by a promissory note, and fails to disclose its negotiability, an order made by the justice directing the money to be paid into court is not void, notwithstanding section 4836,

Rev. Laws 1910, provides no judgment can be rendered upon a liability of a garnishee arising by reason of his having made a negotiable note.

4.     **GARNISHMENT—Proceedings to Enforce—Action Against Garnishee.** The record examined, and it is **held,** that the trial court was in error when it directed a verdict in this case.

(Syllabus by Hooker, C.)

*Error from County Court, Garvin County;*
*W. R. Wallace, Judge.*

Garnishment proceeding by the Bell-Wayland Company against F. C. Nixon. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Thompson, Patterson & Hampton* and *R. E. Bowling,* for plaintiff in error.

*J. S. Garrison* and *C. L. McArthur,* for defendant in error.

Opinion by HOOKER, C. On the 21st day of September, 1911, the plaintiff in error instituted suit in a justice's court of Garvin county to recover a judgment against E. M. Armstrong and L. P. Dyer, doing business under the name of E. M. Armstrong & Co., for the sum of $199.47. On the 30th day of September, 1911, judgment was rendered in said action in favor of the plaintiff in error and against said defendants for said sum.

On the 15th day of November, 1911, a garnishee summons was issued in said court in said action, and same was served upon the defendant in error, F. C. Nixon, and thereafter, on the 25th day of November, 1911, the said defendant F. C. Nixon appeared in said court and answered under oath that he was indebted to one of the defendants, L. P. Dyer, in the sum of $1,500, which indebtedness was evidenced by five promissory notes in the sum of $300 each, due December 1, 1911, 1912, 1913, 1914, and

1915. On the same day the justice of the peace directed the said F. C. Nixon's garnishee to pay into court the sum of $300 at the maturity of the note due December 1, 1911. This the garnishee refused to do, and in January, 1913, the plaintiff in error instituted a suit in the justice's court against the garnishee wherein it alleged that it recovered a judgment against the said L. P. Dyer on the 30th of September, 1911, for the sum stated, and costs therein expended; that in said action the said F. C. Nixon was garnisheed and appeared as such garnishee, and answered that he was indebted to the said L. P. Dyer, and was ordered by the court to pay the sum of $300 into court, which he had failed to do, and further alleged that the said F. C. Nixon was at the time of the service of the garnishment indebted to the said L. P. Dyer as stated in his answer, and further prayed judgment against the said F. C. Nixon for the sum of $199.47. This cause was tried in the justice's court, and judgment rendered in favor of the defendant in error, F. C. Nixon. Thereupon the plaintiff in error appealed to the county court, and the defendant in error filed therein an amended answer wherein he alleges, in substance, that he was not at the time of the filing of his answer as a garnishee in the original action indebted to the said L. P. Dyer in any sum whatever; that he was unable to read or write, and that his answer as garnishee aforesaid was prepared by the attorney for plaintiff in error, and that by mistake he admitted he was indebted to the said L. P. Dyer, when, as a matter of fact, he was not so indebted; that he had prior thereto executed and delivered to the said L. P. Dyer five negotiable promissory notes for the sum of $300 each, due as stated heretofore; but defendant does not claim that the notes have been assigned or transferred to his knowledge.

At the conclusion of the evidence the court withdrew from the consideration of the jury the exhibit which was the original judgment, and directed a verdict in favor of the defendant in error.

The nature of a suit in the first instance is to be determined by the allegations of the petition, not from its caption. The caption of the petition in the original case of plaintiff in error against Armstrong & Co. is defective; but the allegations of the petition itself show that the action is against E. M. Armstrong and L. P. Dyer, doing business under the firm name of E. M. Armstrong & Co. The summons issued thereon was against E. M. Armstrong and L. P. Dyer and the judgment rendered was against L. P. Dyer, and it is difficult to say whether a judgment was rendered against E. M. Armstrong or not, but in view of the fact that the judgment recites that the same is rendered against each of the defendants, and inasmuch as the same particularity is not required in the justice courts as in courts of record, we will give to the judgment a literal construction, and hold that the judgment, though not technically exact, is sufficient; for, taken as a whole, it shows that a conclusion was reached and entered which was intended as a final determination of the action then pending. See *Fooshee & Brunson v. Smith,* 34 Okla. 247, 124 Pac. 1070.

The original judgment in this case having been properly rendered, the plaintiff in error was entitled to a garnishment under the provisions of the Code of Civil Procedure before justices of the peace, and under section 5380, Rev. Laws 1910, where the garnishee appears and answers, and it is discovered on his examination that he was indebted to defendant, the justice may order the pay-

ment of the amount owing by the garnishee into court, etc. The garnishee answered that he was indebted to Dyer, and thereupon the justice of the peace made an order directing the garnishee to pay the money into court as soon as it became due. He having failed to do this, the plaintiff in error elected to follow the procedure designated by section 5381 of the Civil Code, and instituted an independent suit against the garnishee to recover the amount of money admitted by him to be due in the answer of the garnishee filed in the original action. This court, in the case of *Spaulding Manufacturing Company v. Witter et al.*, 52 Okla. 362, 152 Pac. 1079, says:

"The only question presented is whether or not the bill of particulars states a cause of action. The trial court held that it did not, for the reason, among others, that the order directing the garnishee to pay the money into court was not a final judgment, and therefore no appeal would lie, and hence there was no liability upon said bond. Either party to an action before a justice of the peace may appeal from a final judgment. Section 6386, Snyder's Comp. Laws 1909. This being true, was the order of the justice directing the garnishee to pay the money into court a final judgment from which the garnishee might appeal? We think not. The sections of our statute in force at the time of the execution of this bond necessary to be considered in determining this question are sections 6301 and 6302, Snyder's Comp. Laws of 1909. [These sections are the same as sections 5380 and 5381, Rev. Laws. 1910.]

"Our Code of Civil Procedure before justices of the peace, of which the two foregoing sections form a part, was adopted by the Territory of Oklahoma from the State of Kansas, and said sections are identical with sections 42 and 43, c. 81, of Dassler's Comp. L. of Kansas. Under the construction placed upon these two sections and other sections of the Kansas Code of Civil Procedure before jus-

tices of the peace by the Supreme Court of Kansas prior to their adoption, an order made by a justice of the peace directing a garnishee to pay money into court is not a final judgment and determination. See authorities cited in this case.

"Mr. Justice Valentine, speaking for the Supreme Court of Kansas in the case of *Board of Education v. Scoville, supra* [13 Kan. 17], discussing the effect of an order made by a justice of the peace directing a garnishee to pay money into court, said: 'It does not determine their ultimate rights. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is, in effect, only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights. And the payment of the money can be enforced from the garnishee to the creditor only by an ordinary action.'

"The same construction has been placed upon the Kansas statute by the Supreme Court of that state since the adoption of the statute by the Territory of Oklahoma. See [*Madden v. Union Pac. R. Co.*, 89 Kan. 282] 131 Pac. 552 [Ann. Cas. 1914 D, 78]. We therefore conclude that the order of the justice directing the garnishee to pay the money into court was not a final judgment from which the garnishee might appeal. See authorities cited. Under section 6302 of our statute, *supra* [which is section 5381, Rev. Laws 1910], upon the failure of the garnishee to comply with the order of the justice directing him to pay money into court, the only remedy available to the plaintiff is an independent action against the garnishee."

We must not confuse our justice procedure with our procedure under chapter 60 of article 9, Attachments and Garnishments, in courts other than justices of the peace; for in the proceedings before courts other than justices of the peace a final judgment may be rendered in the action

and an adjudication had as to the merits of any controversy that may arise between the parties to said action.

If the rule announced by this court in the Spaulding Case, *supra,* is to be followed. then the only effect of the order made by the justice of the peace directing Nixon to pay the money into court was to transfer the right of Dyer to the plaintiff in error and confer upon the plaintiff in error the same right to enforce the collection of the debt against Nixon that Dyer himself had. It therefore follows that, if Dyer at the time of the service of the garnishment in this case was not the owner of the note or notes, the plaintiff in error acquired no right which he could enforce against Nixon.

We must determine the liability of Nixon by the rule announced above, and in order to establish liability upon the part of the defendant in error to the plaintiff in error in this case the evidence must establish that at the time of the service of the garnishment herein Nixon was indebted to Dyer, as claimed by the plaintiff in error. It is true that under section 4836, Rev. Laws 1910, a judgment cannot be rendered upon a liability of a garnishee arising by reason of his having made a negotiable note, but in this case the garnishee answered and failed to disclose that the notes evidencing his indebtedness to Dyer were negotiable, and the order of the court directing him to pay the money was subsequently made, and as was said by the Supreme Court of Kansas in the *Harwi Hardware Co. v. Klippert,* 67 Kan. 743, 74 Pac. 254:

"It is the duty of the garnishee to disclose in his answer all the facts and circumstances necessary to a complete understanding of the indebtedness which such answer shows is due from him to the principal defendant, and, where such answer shows an indebtedness on a prom-

issory note, and does not show that such note is negotiable, the judgment rendered against the garnishee is not void."

So in this case the order of the court made directing the garnishee, which showed an indebtedness upon a promissory note, but did not show that such note was negotiable, is not void.

Reverting to the rule announced in the Spaulding Case, we must hold that the plaintiff in error is not entitled to recover in this action against the garnishee, Nixon, unless it has established that Nixon was at the time of the service of the garnishment indebted to the original defendant, Dyer. In order for the plaintiff in error to recover, it must show a valid judgment and order of the court directing the garnishee to pay the money into court, a refusal of the garnishee, and a liability to the debtor by the garnishee at the time of the service of summons in the original action. The plaintiff in error introduced the judgment rendered in the original cause, the garnishee summons, the answer of the garnishee, and the order of the court directing the garnishee to pay the money into court. It also attempted to prove that the garnishee had not complied with the order and that the original judgment in favor of the plaintiff in error and against Dyer had not been paid, but the court sustained an objection to the testimony, and thereupon the plaintiff in error made profert of the testimony it intended to introduce. This testimony was competent, for it is clear that a judgment cannot be rendered against the garnishee if the original judgment has been paid. The trial court likewise committed error when he withdrew from the consideration of the jury the original judgment rendered in the original

action, for that constituted the basis of the plaintiff in error's right of recovery.

After the plaintiff in error had introduced its evidence the defendant interposed a demurrer to the evidence, which was by the court sustained. It was incumbent upon the plaintiff in error to establish an indebtedness upon the part of Nixon to Dyer at the time the garnishment summons was served upon him. If he established that, in addition to the other matters, he was entitled to recover in this case. The sworn answer of the garnishee filed in the original action on November 25, 1911, admitted the indebtedness upon the part of Nixon to Dyer. This was introduced by the plaintiff in error in the trial of this case against the garnishee, and was an admission on the part of the defendant in error which, in our judgment, entitled the plaintiff in error to take his case to the jury. It must be borne in mind that the defendant in error does not claim that these notes are owned by any one else, or that he has any knowledge of any assignment or transfer of the notes by Dyer to other parties, and, if the notes had never been assigned, Nixon was at the time of the trial of this case indebted to the defendant in error. It is true that the answer of defendant in error states that he was not indebted to the defendant Dyer, but that is a conclusion of the pleader; but the answer nowhere claims that these notes have been assigned or transferred by Dyer to any one else. As a general rule, written pleadings are not required in a justice's court, but, where the parties do reduce their pleadings to writing, the same must be construed and governed by the ordinary rules of pleading. So, considering this entire record, we think that the trial court committed an error in sustaining the motion of the defendant

below at the conclusion of the plaintiff's evidence to direct a verdict in favor of the defendant, for the reason that the plaintiff had established a liability by the evidence, and the question whether Nixon was indebted to Dyer at the time of the service of the summons in garnishment in the original action was a question of fact for the jury to decide under the evidence; and the original answer of the garnishee, which admitted the liability and failed to disclose the negotiability of the notes, was sufficient to take this case to the jury in the absence of any evidence in the record showing that the notes had been transferred by Dyer before the service of the garnishment summons. Of course, if that fact could be established, Nixon would not be liable in this action, but that it is a question of fact as to when said notes were transferred, if at all.

This cause is therefore reversed and remanded.

By the Court: It is so ordered.