**INDIAHOMA REFINING CO. v. KUNKLER.**

No. 8061—Opinion Filed May 22, 1917.

Rehearing Denied July 31. 1917.

(166 Pac. 894.)

**Justices of the Peace—Procedure—Garnishment—Order—Effect.**

An order of the justice of the peace directing garnishee to pay money into court, not appealed from, is not a final judment. The effect of such order is to give to the creditor the same right to enforce the payment of money from the garnishee that the debtor previously had.

(Syllabus by West, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by M. M. Kunkler against the Indiahoma Refining Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

William M. Mathews, for plaintiff in error.

M. T. Dennis, for defendant in error.

Opinion by WEST, C. This is an appeal from a judgment of the county court of Okmulgee county in favor of defendant in error, M. M. Kunkler, plaintiff below, who will hereinafter be so designated, against plaintiff in error, who was defendant below, and whom we will so designate hereinafter.

It appears that this suit grew out of a garnishment proceeding before a justice of the peace of Okmulgee county, wherein plaintiff had obtained a judgment against one J. B. Turner for the sum of $196.75 and costs, and, after execution on said judgment had been returned nulla bona, plaintiff caused garnishment summons to issue against defendant, Indiahoma Refining Company, garnishee in said cause, who answered stating that it was indebted to J. B. Turner, defendant in said proceeding, in the sum of $500, and six days thereafter on the 18th day of November, 1914, defendant filed an amended answer alleging that it was not indebted to J. B. Turner in any sum, but it was indebted to J. B. Turner, Jr., in the sum of about $500, and that it was mistaken as to the identity of the parties at the time of filing the original answer, and that the justice struck the amended answer of garnishee from the files and directed it to pay into court the sum of $250, which it failed and refused to do, and thereupon this cause was instituted on said order to recover said amount.

There are a great many assignments of error predicated on the action of the court in striking the answer of defendant, in refusing to permit defendant to file amended answer, and in refusing the admission of certain testimony, and these errors are all directed against the action of the trial court in holding that the order of the justice of the peace in requiring defendant to pay said sum of money into court, not being appealed from, was a complete determination of the rights of the respective parties with reference thereto and res adjudicata.

In case of Spaulding Mfg. Co. v. Witter, 52 Okla. 352, 152 Pac. 1079, it was held:

"An order made by a justice of the peace directing a garnishee to pay money into court is not a final judgment and determination." Board of Education v. Scovill, 13 Kan. 17; Fitch v. Manhattan Fire Ins. Co., 23 Kan. 366; Muse et al. v. Lehman, 30 Kan. 514, 1 Pac. 804; Mull & Son v. Jones, 33 Kan. 112. 5 Pac. 388; Mo. & Pac. Ry. Co. v. Reid et al., 34 Kan. 410, 8 Pac. 846; Bank of

Le Roy v. Harding, 1 Kan. App. 389, 41 Pac. 680; Arthur v. Hale, 6 Kan. 161; Roll et al. v. Murray, 35 Kan. 171, 10 Pac. 472.

The first paragraph of the syllabus in said cause is as follows:

"An order of the justice of the peace directing a garnishee to pay money into court is not a final judgment from which an appeal will lie by garnishee. It simply gives the creditor the same right to enforce the payment of the money that the debtor previously had."

In case of Bell-Wayland Co. v. Nixon, 57 Okla. 138, 156 Pac. 1195, the court, speaking through C. Hooker, says:

"If the rule announced by this court in the Spaulding Case supra, is to be followed, then the only effect of the order made by the justice of the peace directing Nixon to pay the money into court was to transfer the right of Dyer to the plaintiff in error and confer upon the plaintiff in error the same right to enforce the collection of the debt against Nixon that Dyer himself had."

In the first and second paragraphs of the syllabus in the case of Bell-Wayland Co. v. Nixon, supra, the following rules are announced:

"(1) An order of a justice of the peace directing a garnishee to pay money into court simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It merely assigns the claim from the debtor to the creditor.

"(2) In an action by the plaintiff against the garnishee for a failure to comply with the order made by the justice directing the payment of money into court, the plaintiff is entitled to recover if he shows a valid judgment in his favor against this debtor, a garnishee summons, an answer of the garnishee, an order of court. * * * a refusal, and a liability to the debtor by the garnishee at the time of the service of garnishee summons."

Applying the rules in the foregoing cases to the instant case, it is our opinion that the court erred in sustaining the motion of the defendant to strike out all the original answer of plaintiff except the general denial, and holding that the order of a justice of the peace requiring money to be paid into court, not appealed from, was a final adjudication against said garnishee. and that said garnishee could not set up any defense when suit was brought on the order made by said justice of the peace. On account of errors above mentioned. this cause must be reversed and remanded.

It is therefore ordered that this cause be reversed and remanded, with directions to the lower court to proceed with the cause according to law and in conformity with this opinion.

By the Court: It is so ordered.