## BROWN v. BUTLER STATE BANK.

No. 9468—Opinion Filed Dec. 3, 1918.

(176 Pac. 922.)

**Justices of the Peace—Appeal—Garnishment —Appeal Bond—Statute.**

Under section 5397, Rev. Laws 1910, the plaintiff in any action may appeal from an order of the justice of the peace releasing the garnishee by filing an appeal bond as in other cases, but, in order to protect his rights in the premises, he should notify the defendant that he intends to appeal from the order of the justice dissolving the attachment to prevent the same from being released; but, if he perfects the appeal before the garnishee pays the money to the defendant, the entire matter is transferred to the appellate court for trial de novo.

(Syllabus by Hooker, C.)

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Suit in justice court by Butler State Bank against L. L. Brown. From a judgment of the district court, on appeal from justice's judgment for plaintiff, defendant brings error. Affirmed.

Webster & Webster, for plaintiff in error.

R. J. Shive, for defendant in error.

Opinion by HOOKER, C. The bank sued one Gates and wife to recover a judgment upon a promissory note. On the 6th day of August, 1915, the bank recovered a judgment upon said note. At the time of the institution of the action garnishment proceedings were issued against one Brown, who filed an answer, denying that he had in his possession any property belonging to the defendant in said action. The bank joined issue upon the answer of the garnishee, Brown, and on the 12th day of August, 1915, the issue between the plaintiff and the garnishee was tried, and judgment rendered in favor of the garnishee. Thereupon, in open court, in the presence of Brown and the defendants, the bank gave notice that it would appeal to the county court, and on the same day filed an appeal bond and written notice of an appeal. Thereafter the county court tried said action between the bank and the garnishee, and rendered a judgment in favor of the bank, ordering the garnishee to pay the money into his hands into court. The garnishee, Brown, gave notice of appeal, took time to prepare and serve his case-made, but allowed the time to expire in which to file the same in this court, and thereafter the bank instituted this suit in the justice court upon the judgment or order of the county court, directing the garnishee to pay the money into court, and upon the trial of said action the justice rendered judgment in favor of the bank against Brown, from which Brown appealed to the district court, where judgment again was rendered against him in favor of the bank, from which judgment he has appealed to this court.

His contention here is that, inasmuch as the bank failed to serve Gates and wife with the notice of appeal in the first instance from the judgment of the justice court deciding the issue in favor of the bank and against the bank, the same operated as a release of said property, and failed to confer jurisdiction upon the county court to try the issue upon appeal between the bank and Brown.

The statute under which this proceeding was had is as follows:

Section 5397, Rev. Laws 1910:

"The plaintiff in any action brought under this article may appeal to the district or county court * * * wherein said action is brought, from an order of a justice of the peace, dissolving an attachment, or releasing a garnishee, by filing an appeal bond as in other cases. When the plaintiff shall notify the defendant that he intends to appeal from the order of the justice of the peace dissolv-

ing an attachment, the property attached shall not be released until the expiration of ten days, after such order, and upon the giving of such appeal bond, such attached property shall be held to abide the order and judgment of the appellate court where the motion to dissolve the attachment shall be tried de novo."

It must be borne in mind here that the garnishee, Brown, now has the money in his hands which the court directed him to pay into court; that he did not at any time pay the same to the defendants, and it also must be remembered that he has had his day in court, where the issue between him and the bank was fully determined and decided by a court of competent jurisdiction.

The statute above quoted plainly provides that the plaintiff may appeal to the district or county court of the county wherein said action is brought from an order of the justice of the peace dissolving an attachment or releasing a garnishee by filing an appeal bond as in other cases. When the plaintiff in such action files the bond within the time authorized by law and his bond is approved, as was done in the instant case, his appeal is perfected, and if this bond is filed within time and before the garnishee pays the money to the defendant in said action, the entire matter is transferred to the court to which said appeal has been taken. However, the statute does not stop there, but in order to safeguard the interest of the plaintiff in said action and to avoid the payment of the money by the garnishee to the defendant, it provides a method whereby the plaintiff may protect his right and recover the fund intact; that is, by giving to the defendant a notice of his intention to appeal, and, if he gives that notice, the fund cannot be released until after the expiration of ten days, and when then he perfects his appeal the entire matter is transferred to the court to which said appeal has been taken for adjudication.

Brown, the garnishee, was evidently satisfied with the judgment of the county court holding him liable as said garnishee and directing him to pay the money into the court, as from said judgment he did not appeal. This judgment is valid and binding, and the bank has pursued the proper method to enforce the collection thereof. Bell-Wayland Co. v. Nixon, 57 Okla. 138, 156 Pac. 1195. It might not be amiss to cite secs. 5466, 5467, R. L. 1910, which prescribe the method of appealing from the justice of the peace court in civil actions. And the statute above quoted plainly provides that an appeal in this character of case may be had by filing an appeal bond as in other cases. This, in our judg-

ment, conclusively establishes that this appeal was properly taken.

Therefore the judgment of the lower court is affirmed

By the Court: It is so ordered.