## OKLAHOMA NAT. BANK of SKIATOOK v. LINGO.

No. 18140. Opinion Filed June 12, 1928.

(Syllabus.)

1. **Garnishment—Defense by Garnishee that Money Owed is Exempt.**

A garnishee may interpose the defense and show that the property or money of the judgment debtor in his hands, or his indebtedness to such debtor, is exempt by law, and cannot be subjected by garnishment to the payment of the judgment creditor.

2. **Same—Justices of the Peace—Order of Justice to Pay Money into Court not Final Order Estopping Garnishee from Urging Exemption of Money.**

An order of a justice of the peace made after hearing, as provided by section 926, C. O. S. 1921, requiring a garnishee to pay money into court is not a final or appealable order, as to garnishee, and he is not estopped, by reason of such order, when sued in an independent action by the judgment creditor to enforce such order, from interposing the defense that the money

sought to be garnisheed is exempt to the judgment debtor, notwithstanding the justice of the peace, on such hearing, denied the exemption.

Commissioners' Opinion, Division No. 2.

Error from County Court, Tulsa County; John Boyd, Judge.

Action by Thomas F. Lingo against the Oklahoma National Bank of Skiatook. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

L. H. Taylor, for plaintiff in error.

Chas. R. Nesbitt, for defendant in error.

HERR, C. It appears that on the 28th day of April, 1926, Thomas F. Lingo brought an action in the justice of peace court of the city of Tulsa against one W. C. Price, and at the same time garnisheed the Oklahoma National Bank of Skiatook. The garnishee bank answered that it had in its possession money belonging to Price in the sum of $160, but that the same was not subject to garnishment for the reason that it was exempt under and by virtue of section 1045, C. O. S. 1921. Plaintiff, Lingo, contended that the money was not exempt and proceeded to contest the truth of the answer in so far as it was attempted to exempt the money, proceedings being taken under section 926, C. O. S. 1921. Upon hearing, the justice of the peace found for the plaintiff, denying the exempting, and made an order requiring the garnishee bank to pay said sum into court. This the bank refused to do. Suit was subsequently brought by Lingo before a justice of the peace of the city of Tulsa against the bank to recover upon the order made by the justice. Judgment was recovered against the bank, and an appeal was by it taken to the county court, where judgment against it was again rendered. Defendant bank appeals.

At the trial of the case in the county court, the bank defended on the theory that the money held by it was exempt to Price, and sought to introduce evidence tending to show that the same constituted personal earnings of the said Price earned within three months next preceding garnishment proceedings and the same was necessary to maintain his family, which family was wholly supported by his labor. The trial court excluded this evidence. In this we think the court erred.

It is well established that a garnishee may interpose the defense that the money in his hands sought to be garnisheed and belonging to the principal debtor is exempt. 12 R C.

L. 832; Mull et al. v. Jones (Kan.) 5 Pac. 388.

Plaintiff concedes this to be the rule, but contends that defendant, not having appealed from the order of the justice of the peace requiring him to pay the money into court, is estopped from interposing such defense. Not so. This order was not an appealable order. Bell-Wayland Co. v. Nixon, 57 Okla. 138, 156 Pac. 1195; Indiahoma Refining Co. v. Kunkler, 66 Okla. 31, 166 Pac. 894.

Plaintiff seeks to distinguish these cases from the case at bar for the reason that in the instant case a trial was had as to the truth of the answer of the garnishee as provided by section 926, C. O. S. 1921. We are of the opinion that no such distinction can be made. A judgment rendered under this section is not a final judgment and the garnishee could not appeal therefrom. Mull et al. v. Jones, supra; Plaineville Mill & Elev. Co. v. Adams et al. (Kan.) 189 Pac. 167.

Under the above authorities, defendant bank, as garnishee, had the right to interpose the defense sought, even though the justice of the peace had, in the prior proceedings, denied the claim of exemption.

Judgment should be reversed and the cause remanded for new trial.

TEEHEE, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 265, §365; Anno. 35 L. R. A. (N. S.) 1154; 45 A. L. R. 646; 12 R. C. L. p. 832; 7 R. C. L. Supp. p. 395. (2) 28 C. J. p. 345, §545.