[No. 8057.   Department One.   June 8, 1909.]

## H. R. George *et al.*, *Respondents*, v. Bekins Moving & Storage Company, *Appellant.*[1]

WAREHOUSEMEN—LIEN—CHARGES—EVIDENCE — PAYMENT — SUFFICIENCY. In an action of replevin for a piano held for storage charges, the evidence is insufficient to justify a verdict for the plaintiff, where it appears that he refused to pay a balance due of $40, necessary to discharge defendant's lien for charges, for the reason that a few days before he had paid within $1.95 of the charges said to be due at that time, and had been assured the further cost of cartage on removal of the goods would not exceed $25, where there was no attempt to show that the charges were unreasonable or the services charged for not rendered; as defendant's previous statement did not preclude proper additional charges.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 22, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action of replevin. Reversed.

*Totten & Rozema*, for appellant.

*Thomas B. MacMahon*, for respondents.

Morris, J.—Respondents shipped their household goods from St. Paul to Seattle, via Northern Pacific railway, and consigned them to appellant. Upon the arrival of the goods, appellant paid all charges, including freight, and removed them to its warehouse, being instructed by respondents to store the goods until notified to remove them elsewhere. Under these instructions, the goods were stored from November 12, 1906, to December 17, 1906. After the goods had been in appellant's warehouse about a month, Mr. George inquired as to the sum appellant claimed to be due on account of freight, storage charges, etc., and was informed that he was owing $151.95, of which sum he then paid $150, on account, leaving a balance as he understood of $1.95. Mr.

[1]Reported in 102 Pac. 23.

George in a few days requested appellant to remove the goods to his home in West Seattle, and upon inquiring the price he was told it would not be over $25. When the goods reached the house and were all delivered except a piano, a bill for $40 was presented, which Mr. George refused to pay, except the sum of $25, claiming it to be excessive, and upon his refusal the piano was taken back to appellant's warehouse and held as security for the balance due. The items forming the account as presented were these:

| | |
|---|---:|
| Advance charges and freight to Seattle | $143.20 |
| Cartage, car to warehouse | 10.50 |
| Storage, Nov. 12 to Dec. 17, at $8.75 per month | 13.15 |
| Cartage to West Seattle | 23.65 |
| Total | $190.50 |
| Credit by cash | 150.00 |
| Bal. due | $ 40.50 |

Respondents then brought this action to recover the piano or its value, and upon the trial the jury returned a verdict in their favor in the sum of $300, which they found to be the value of the piano. Judgment was entered upon the verdict awarding the piano to respondents, or, in lieu thereof, its value at $300; from which, a motion for new trial being denied, appeal is taken.

It is difficult to discover any theory upon which this judgment can be sustained. Appellant, being a warehouseman, had a lien upon the goods until the proper storage charges were paid. There was no attempt to show that the charges of appellant were unreasonable, nor that the services charged for had not been rendered, nor the advance charges and freight had not been paid. Respondents seem to have proceeded on the theory that appellant having said to them the cost of moving the goods to West Seattle would not exceed $25, they were entitled to a delivery of the goods upon payment of that sum. But that was only one item in appellant's account against them. Appellant was entitled to have all its proper charges paid before it could be called

upon to make a delivery. The fact that respondents were told that their bill was $151.95 at the time they called upon appellant and paid it $150, did not preclude an additional proper charge for such length of time as they might leave the goods in appellant's warehouse. Neither did it prevent appellant from including in the account any proper item, such as the charge for moving the goods from the car to the warehouse.

The court below should have granted a new trial upon the ground of insufficiency of the evidence to justify the verdict and that the verdict is against the law; and for its error in not doing so, the judgment is reversed, and the cause remanded with instructions to grant a new trial.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.