TRUDGEON *et al.* v. GALLAMORE.

No. 2638.   Opinion Filed May 27, 1913.

Rehearing Denied July 22, 1913.

(134 Pac. 664.)

EXECUTION—Motion to Quash—Procedure. Where a party files a motion to quash an execution under the procedure obtaining in the Indian Territory prior to statehood, and fails to conform to the provisions of section 2103, Ind. T. Ann. St. 1899 (Mansf. Dig. sec. 2988), the denial thereof by the trial court is not error.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by E. W. Gallamore against W. H. P. Trudgeon and others. Judgment for plaintiff, and motion to quash execution. Demurrer to motion sustained, and defendants bring error. Affirmed.

*J. W. Hocker,* for plaintiffs in error.
*J. F. Sharp* and *John A. McClure;* for defendant in error.

DUNN, J. This case presents error from the district court of McClain county. A former decision thereof on a prior appeal is *Trudgeon v. Gallamore,* 28 Okla. 73, 117 Pac. 797, wherein the facts involved are fully stated. On being remanded to the trial court, execution was issued commanding the sheriff of McClain county to make of the moneys, goods, and chattels of W. H. P. Trudgeon, C. B. Catron, and W. B. Riley, plaintiffs in error herein, and the judgment defendants in said cause, the amount of the judgment. A motion was made to quash the execution, based on the grounds that Riley was never sued nor made any appearance, that the judgment was not final in that the same in no manner disposed of one of the principal defendants, W. H. Archer, and that no judgment was prayed for against Catron. Demurrer to this motion filed by defendant in error was by the court sustained, from which order this appeal is prosecuted.

It is insisted by counsel for defendant in error in his brief that the appeal should be dismissed for the reason that an order granting or overruling a motion to quash an execution is not an appealable order, such motion being addressed to the sound discretion of the court; and, second, that the same questions raised in the case were raised and determined in the decision heretofore rendered, or if not, that by failing to present them therein they were waived; and, third, that, the action being one that was pending and undetermined at the time of the erection of the state, the same should be tried and continued under the same laws, including the procedure, as if no change in the form of government had taken place, and that movant had failed to comply with section 2103, Ind. T. Ann. Stat. 1899 (Mans. Dig., sec. 2988), which provides as follows:

"If any person against whom any execution may have been issued shall apply to the judge of the court out of which the execution or order of sale may have been issued, by petition verified by affidavit, setting forth good cause why such execution ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously

Trudgeon et al v. Gallamore.

given to the adverse party, his agent or attorney of record, such judge shall thereupon hear the complaint; and, if it shall appear that such execution ought to be stayed, set aside or quashed, and the petitioner shall enter into a recognizance, with sufficient security, in such sum as may be reasonable, to be taken and approved by such judge, conditioned that if such application be determined against such petitioner, he will pay the debt, damages and costs to be recovered by such execution or order of sale, or surrender in execution his property liable to be seized, taken and sold by such execution or order of sale, or that the sureties will do it for him, then such judge shall make an order for the stay of such execution or order of sale, as aforesaid; but all the property, real and personal, bound by such execution or order of sale shall remain bound as if no such stay had been granted."

That the procedure obtaining was the same as that of the Indian Territory prior to statehood has been held in a number of cases by this and the federal courts. *Runyan v. Fisher,* 28 Okla. 450, 114 Pac. 717; *M., K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113 Pac. 907; *St. Louis & S. F. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211. It is fundamental that every court has the inherent power to control its own process, and the quashing of an execution resting largely in its discretion, its orders in reference thereto will not be reversed in this court unless an abuse is shown. *Barnett v. Bohannon,* 27 Okla. 368, 112 Pac. 987.

There is no claim made, nor does the record disclose, that movant complied with the terms of the statute, and, error not being shown in the order of the court denying the motion to quash, the same is affirmed. This conclusion relieves us of passing on the other grounds urged.

All the Justices concur.