**GLADYS BELLE OIL CO. v. JAMES et al.**

No. 14837—Opinion Filed May 20, 1924.

Rehearing Denied June 24, 1924.

(Syllabus.)

**1. Judicial Sales — Property Included — Compliance with Judgment.**

Where property is sold pursuant to a judgment of court which defines and specifies the property, the judgment limits the sale to the particular property described therein, and a sale of property not so specified in such judgment is to that extent void.

**2. Same—Title of Purchaser.**

The purchaser at a judicial sale takes such title only, and title to such property only, as is by the decree directed to be sold.

**3. Same—Force of Order of Sale.**

The issuance of the order of sale is a ministerial act, and the order is merely the instrument used to carry into effect the judgment of the court.

Error . from District Court, Okmulgee County; James Hepburn, Judge.

Action by Joe M. James and another against the Gladys Belle Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

F. A. Peek and I. H. Cox, for plaintiff in error.

M. A. Dennis, for defendants in error.

GORDON, J. This action involves title to a certain gas pipe line in Okmulgee county, Okla. The original petition invoked the equity jurisdiction of the court, and after alleging that plaintiffs were the legal and equitable owners of the property therein described, including the pipe line in controversy, they allege that the defendant has taken up and unjointed approximately all

of said pipe line and were threatening to remove the same, to plaintiffs' great detriment and damage; that plaintiffs had no adequate remedy at law; and prayed for a restraining order against the defendant. By various amended petitions, and by stipulations between the parties at the trial, this cause resolved itself into a trial of the title to the gas pipe line. The cause was submitted to the court without the intervention of a jury. Judgment was rendered adjudging title to the pipe line in the plaintiffs and restraining the defendant from interfering with the same. Motion for new trial was filed by the defendant, and by the court overruled, and the cause is now here on appeal.

The parties will be designated as they appeared in the court below.

Plaintiffs claim title to the gas pipe line in controversy, as follows: They claim that during the months of October and November, 1920, the Oklahoma Salvage Company sold, delivered, and furnished to the Indian Gasoline Company, a corporation, approximately 5,000 feet of gas pipe, which was used by the Indian Gasoline Company, put into, and made a part of the pipe line now in controversy. The Oklahoma Salvage & Supply Company, on March 1, 1921, filed in Okmulgee county a lien against the Indian Gasoline Company, against its gasoline plant and premises and leasehold estate, located upon section 36, township 14, range 11, in said county and state, to secure the sum of $4,622.21, due upon the purchase price of said pipe. Arising out of this transaction certain trade acceptances had been given to the Bank of Commerce of Okmulgee at Okmulgee, Okla., by the Oklahoma Salvage & Supply Company. Two suits were filed in the district court of Okmulgee county by said Bank of Commerce upon these trade acceptances, and the Indian Gasoline Company became a party to these actions. In these actions the Okmulgee Salvage & Supply Company filed cross-petitions and obtained a judgment against the Indian Gasoline Company, foreclosing its lien upon the leasehold, etc., of the Indian Gasoline Company upon the land above mentioned. Judgment was rendered in these actions in favor of Oklahoma Salvage & Supply Company and against Indian Gasoline Company, foreclosing the lien aforesaid. Orders of sale were issued upon these judgments, and after due advertisement, the property was sold by the sheriff, and Oklahoma Salvage & Supply Company became the purchaser of the property at such sale. There were other judgments and liens against the Indian Gasoline Company and the sale was made subject to these liens.

This sale was on motion confirmed by the court, and the sheriff was directed to place the purchaser in possession. The sheriff did not execute conveyances of the property. A short time after this sale was made and confirmed conveyance was executed by Oklahoma Salvage & Supply Company, reciting the sale by the sheriff, the purchase of the property by Oklahoma Salvage & Supply Company, and conveying to the plaintiff, R. T. Curley and Joe M. James, trustees, all the right, title, interest, and estate of the Oklahoma Salvage & Supply Company to the property so purchased at such sale. This conveyance recites that all parties interested in said property by reason of lien claims, judgments, etc., have agreed that said property be assigned to R. T. Curley and Joe M. James, trustees. As such trustees, plaintiffs took possession of the plant and the leasehold estate and the land described in these instruments. The pipe line in controversy was connected with the plant of the Indian Gasoline Company, and extended from that plant a distance of something like two miles to certain land upon which Gladys Belle Oil Company had a lease and from which it was taking gas, and the pipe line was used to bring gas from this lease to the plant of the gasoline company. The question of the possession of the pipe line is disputed; both parties claim to have had possession thereof. Defendant, Gladys Belle Oil Company, claims title to the pipe line by virtue of a purchase made on September 9, 1920, bill of sale having been executed on that date by the gasoline company to Gladys Belle Oil Company, and the purchase price of $12,000 having been paid on that date. It is claimed by the plaintiffs that the present pipe line had not been constructed at the time the bill of sale was executed, and that the particular pipe furnished by Oklahoma Salvage & Supply Company was furnished subsequent to the 9th day of September, 1920, and used in the construction of this line. The leasehold estate of the Indian Gasoline Company consisted of approximately ten acres of land, and was surrounded by a fence. At the time this action was begun defendant was taking up the pipe line lying outside of the leasehold estate and outside the fence. Defendant executed a supersedeas bond herein, and has retained possession of the pipe line.

Defendant has assigned various errors, but in view of the conclusion we have reached as to the title of the plaintiffs, and the fact that this cause will in conformity with such conclusions have to be remanded for further proceedings, at which the questions presented here may not again arise, we will pass upon only those assignments

of error directed at the sufficiency of the evidence to sustain the judgment, and the assignment alleging that the judgment is contrary to law. The burden was upon the plaintiffs' to prove title to the pipe line in order to justify judgment in favor of the plaintiffs for its recovery.

There is no question that the title of the plaintiffs is derived from the judgments foreclosing the lien of the Oklahoma Salvage & Supply Company. Following the judgment, in ordinary course, we find the court's order of sale, the sale by the sheriff, the return of the order of sale, and the confirmation of the sale by the court. The order of sale is merely the machinery used to carry into effect the judgment of the court. The sale under such order and the approval of the sale cannot add to the judgment except in performing their office of making the judgment effective.

In the case of Needles v. Frost, 2 Okla. 19, 35 Pac. 574, it is stated in the opinion:

"An action is finally disposed of, so far as the jurisdiction of the court goes, when final judgment is rendered. The collection of the judgment is no part of the duty of the court. The law furnishes the remedy for collection or enforcement of personal judgments by execution, levy, and sale of property."

And it is further stated in the opinion:

"Judgments are not self-executory, but the issuing of executions, levy and sale of property are ministerial acts, and are performed by such executive or clerical officers as the law may designate for such purposes."

See, also, Annis v. Bell, 10 Okla. 647, 64 Pac. 11.

Section 662, Comp. Stat. 1921, defines "judgment" as follows:

"A judgment is the final determination of the rights of the parties in an action."

It is stated in 16 R. C. L. 23, sec. 17, as follows:

"The decree should terminate all controversies with respect to the property between the parties to the proceedings in order that the purchaser may get a title freed from their claims. It ought to be perfect in itself, or as nearly so as possible."

And in section 18, it is said:

"One of the characteristics of a judicial sale is that the court's decree of sale acts upon specifically described property. The property should therefore be judicially identified in the decree, so that it may appear from the decree and the deed through which the purchaser at judicial sale claims that the title to the property is in him. In-deed, process for the sale of specific property cannot issue until the property to be sold has been judicially identified. Such adjudications require the action of the court."

In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, the court said:

"An officer selling property under a court decree can sell such property on such terms, and such terms only, as are provided by the decree and the law in force governing such sale, which is incorporated into and made a part of the decree, and an officer has no authority to sell on credit, or to accept in payment of the bid anything other than lawful money, unless otherwise expressly authorized by the decree or the law in force governing such sale."

It will be seen, therefore, that it is the decree that supplies the authority upon which the officer must act, and that the decree is the foundation for the judicial sale.

There were two cases pending in the district court of Okmulgee county wherein the Bank of Commerce of Okmulgee was plaintiff and Oklahoma Salvage & Supply Company and the Indian Gasoline Company were defendants. One of these cases was numbered 8132, and the other was numbered 8133. Judgments were rendered in both of these cases identical in form, and directing the sale of the same property. The description of the property ordered sold is a vital question here. The description in the two cases being identical, we quote as contained in the order in case No. 8133, and which is found on page 45 of the case-made, the language used, being as follows:

"That the oil and gas well lien is declared to be a valid, existing and subsisting lien in, on and upon the leasehold estate for oil and gas mining purposes covering the following described property: (Description of property) including any and all right, title and interest, arising by contract or otherwise, and including all the property located on said lands, including the gasoline plant and used in connection with the leasehold estate and gasoline plant; that an order of sale issue, on the praecipe filed by the Oklahoma Salvage & Supply Company, directing the sheriff of Okmulgee county, Okla., to sell the said leasehold estate and any and all right, title or interest, arising by contract or otherwise, of the defendant, Indian Gasoline Company, in, or to, or on the lands herein described, including the gasoline plant and all other property on the said lands and used in connection with the said leasehold estate and gasoline plant."

It is contended by plaintiffs that the language is sufficient to include a pipe line not located upon the lands specifically de-

scribed. It is contended by the defendant that this description eliminates any property not located upon said lands, and not used in connection with the leasehold. The language here is simple, plain, and unambiguous. In order to bring property within the scope of this language it must be located on said lands, and must be used in connection with the leasehold estate and gas line plant. It is possible that the words "including the gasoline plant" contained in the description, by reason of the fact that they suspend the general thought contained in the sentence, may tend to confuse, and we will quote the language leaving out these words, and the language will be as follows:

"Including any and all right, title and interest, arising by contract or otherwise, and including all the property located on said lands * * * and used in connection with the leasehold estate and gasoline plant."

Reading the language in this way, it appears to us that the intent of the court has been clearly expressed, and that there is no room for interpretation. The plain expression limits the property to be sold to that located upon the land and used in connection with the leasehold estate. Upon these judgments, orders of sale were issued. The orders of sale issued in the two cases are identical as to description, and on page 51 of the case-made we find this description:

"* * * The leasehold estate for oil and gas mining purposes and all the right, title and interest therein and thereto, including the gasoline plant, and the property used in connection with the said gasoline plant, including the gathering lines and discharging lines, pipes, buildings. and other property in, on and upon (description of land). * * *"

We are unable to conclude that the language in these orders of sale includes any further property than the language of the judgment itself. The language in the order of sale specifies the gathering lines and discharging lines, pipe and buildings, which are not specified in the judgment, but this specification of these items of property is qualified by the remaining language, "and other property in, on and upon." To our mind the intention of the order of sale was to limit the sale to the property in, on, and upon the lands described. Whether or not this is true, the judgment is controlling, and the order of sale is merely the vehicle for carrying into effect the terms of the judgment and cannot vary or change the same. The return of the sheriff upon these orders of sale is found on page 57 of the record

and described the property levied upon and sold as follows:

"The leasehold estate for oil and gas mining purposes and all the right, title and interest therein and thereon, the gasoline plant and the property used in connection with the said gasoline plant, including the gathering lines and the discharging lines, pipes, buildings, and other property in, on and upon the S. W. ¼."

The order of the court confirming the sale is in general terms. The conveyance from Oklahoma Salvage & Supply Company to plaintiffs describes the property as in the order of sale, with the added language, "together with all property, pipes, pipe lines, etc."

The Oklahoma Salvage & Supply Company, purchaser at the sale, could convey no more than it purchased. Section 7464, Comp. Stat. 1921, provides for oil and gas well liens "upon the whole of such leasehold or oil pipe line, or gas line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures, and appliances used in the operation for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed."

In the case before us it appears that the Oklahoma Salvage & Supply Company furnished a large amount of pipe which went into the pipe line in controversy here. There can be little doubt that a lien might have been fixed upon the pipe line by reason of the furnishing of this material as a part of the line. The pipe line in question was used as one of the appliances for the operation of the leasehold, and was connected with the gasoline plant itself.

The existence of the lien and the property upon which it shall operate have been clearly fixed by the court in its judgment. The lien has been merged in these judgments and the lien creditor has become a judgment creditor.

The title of the plaintiffs, being based upon these judgments, must be limited to the property described herein. We are therefore of the opinion that the judgment of the trial court awarding title to the pipe, almost all of which was located outside of the land described, to the plaintiffs was erroneous, and plaintiffs' title was limited to the pipe located upon the land itself.

It therefore follows that the judgment of the trial court will be reversed, and this cause remanded for a new trial and pro-

ceedings not inconsistent with this opinion.

JOHNSON, C. J., and McNEILL, NICHOLSON, HARRISON, and BRANSON, JJ., concur.