**FIRST NAT. BANK OF ARDMORE et al. v. COM'RS OF LAND OFFICE.**

No. 17755. Opinion Filed June 14, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. **Appeal and Error—Lack of Jurisdiction in Trial Court at Subsequent Term to Put in Record Additional Findings.**

Where finding of facts and conclusions of law are made, upon which judgment is rendered, motion for new trial is overruled, and the term of court adjourned, the trial court is without jurisdiction to make or cause to be incorporated in the record additional finding of facts at a subsequent term of said court.

2. **Same—Dismissal of Appeal Based on Additional Findings.**

Where the trial court is without jurisdiction to make additional findings of facts and such additional findings of fact are made, an appeal based wholly upon such additional finding of facts brings nothing before this court for review, and the appeal will be dismissed.

3. **New Trial—Waiver of Error in Overruling Motion by Failure to Object to Hearing While Request for Additional Findings Still Pending.**

Where the request for additional findings of facts is granted by the court, but the making of such additional findings is taken under advisement, a pending motion for new trial is heard and passed upon without objection to such hearing and the term of court adjourned without such additional finding of facts being made, the error of the trial court, if any, in overruling the motion for new trial is waived.

Error from District Court, Carter County; Asa Walden, Judge.

Action by the First National Bank of Ardmore et al. against the Commissioners of the Land Office. Judgment for defendants, and plaintiffs appeal. Dismissed.

Potterf, Gray & Poindexter and Thompson & Thompson, for plaintiffs in error.

Geo. E. Merritt and Hugh Ownby, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Carter county in favor of the defendant in error against the plaintiff in error. The cause was submitted to, and the issues tried to the court without the intervention of a jury. Upon the request of the plaintiff in error, plaintiff below, the court made finding of facts in said cause and rendered judgment thereon on the 3rd day of February, 1926. On the same day the plaintiff filed a motion for additional findings of fact. On the following day, February 4, 1926, plaintiff filed a motion for new trial, and the two motions thus filed came on for hearing on the 13th day of April, 1926, at which hearing the court granted the request for further finding of facts, but took the same under advisement for the making of such findings. To which action of the court the defendant objected and excepted. Thereafter, on the same day, without objection, a hearing on the motion for new trial was had and said motion overruled; notice of appeal given in open court and time given in which to make and serve case-made. On the 30th day of June, 1926, at a subsequent term of court, the trial court made a further finding of facts, but in no way changed the judgment rendered on February 3, 1926. On June 30, 1926, the plaintiff filed supplemental motion for new trial based wholly upon the additional finding of facts and which motion was on the same day overruled and notice given of its intention to appeal to the Supreme Court.

Plaintiff in error filed its petition in error with case-made attached in this court on September 7, 1926, and in due time filed its brief in support of said petition in error.

The defendant in error has filed herein its motion to dismiss this appeal for the rea-

son that the appeal is based on what is designated in the record as a further finding of facts by the court, which further finding of facts was made and entered in a subsequent term of the court from that in which the judgment was entered and the motion for new trial overruled, and by reason thereof said further finding of facts is a nullity and an appeal based thereon brings nothing before this court for review.

Plaintiff in error in its brief urges there is some inconsistency in the findings of the trial court, as stated orally in the record, which are incorporated in the journal entry of judgment and the additional findings as later made in pursuance of the motion by plaintiff, and asserts that the last findings, therefore, must be considered as the findings in the case and this appeal be considered upon that basis, and presents in its brief only two propositions of error of the trial court, each of which is based upon the additional finding of fact made on June 30, 1926.

The appeal being based upon the additional findings of fact, it becomes necessary to determine the jurisdiction of the court to make the same. Section 3072, C. O. S. 1921, fixed the time for convening regular terms of the district court of Carter county on the first Monday of January, May, September, and December. The judgment appealed from was rendered on the 3rd day of February, 1926, and the motion for new trial overruled on April 13, 1926. Each of said actions of the trial court was had and made within the January term of said court. The additional finding of facts was made on the 30th day of June, 1926, in the May term of said court.

In the case of Needles v. Frost, 2 Okla. 19, 35 Pac. 574, it is said in the opinion:

"A cause is finally disposed of so far as the jurisdiction of the court goes when final judgment is rendered."

The above excerpt is quoted with approval in the case of Gladys Belle Oil Co. v. James et al., 102 Okla. 136, 227 Pac. 119. In the case of Pennsylvania Co. v. Potter et al., 108 Okla. 49, 233 Pac. 700, the court says:

"This court in a long line of decisions has announced the following principle of law, to wit: 'While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same were rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacat-

ing or modifying a judgment or order of the court unless there is a substantial compliance with the terms of the statute.' See Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613; Freeman v. Bryant, 76 Okla. 51, 184 Pac. 76; Allen v. Gaston, 74 Okla. 320, 189 Pac. 183; Maston v. Chandler Bldg. & Loan, 61 Okla. 230, 157 Pac. 366; McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697."

It follows that where the court does not have the power to vacate or modify its judgment after the term of court at which the judgment was rendered except as provided in section 810, C. O. S. 1921, it would have no power or jurisdiction to do or perform any acts that might in effect vacate or modify its judgment so rendered or otherwise affect its validity except as authorized by statute, and we are unable to find any statute that would authorize the court to make or cause to be incorporated in the record additional findings of fact after the judgment has become final. Nor do we think such authority exists, especially where such additional findings of fact would subject the judgment to an attack to which it would not otherwise be exposed.

We have failed to find where, if ever, this court has passed upon the direct question here presented; that is, Does the trial court have the power and jurisdiction to make and file additional findings of fact after the term of court, at which the judgment has been rendered and motion for new trial has been overruled, has finally adjourned?

Plaintiff in error cites the case of U. S. v. St. Louis & Mississippi Valley Transit Co., 184 U. S. 247, to support its contention that until the record has passed out of the control of the trial court by appeal, it has jurisdiction to amend its findings of fact in order to make the same conform to the truth and in so doing was within the proper exercise of its authority. An examination of that case discloses that the amendment of the findings of fact was made before the motion for new trial was finally passed upon by the trial court. In the case of North v. Peters, 138 U. S. 271, cited by plaintiff in error, the additional findings of fact were made at the time the motion for new trial was passed upon and under the provisions of the Territorial Code of the Dakotas. We believe the general rule to be that additional findings of fact may not be made and filed by the trial court after the judgment has become final, although in some jurisdictions, under

a statute, this may be done thereafter at any time before the cause is removed from the court by appeal. The latter rule seems to obtain in Minnesota, as laid down in the case of State Sash & Door Manufacturing Co. v. Adams (Minn.) 50 N. W. 360, wherein the court holds the trial court has jurisdiction after appeal from a judgment, until the return is submitted to that court, to correct the mistakes and omissions in its findings so as to make them conform to the decisions actually made. This holding is made in pursuance of a statute enacted by the Legislature of that state giving such express power and jurisdiction, and in that case the court says it is "doubtless enacted in view of such decision as in the case of Grant v. Schmidt, 22 Minn. 1." in which it is held the court had no such authority, and the only way under the procedure of that state, at that time, in which to correct erroneous decisions of the court after judgment was by motion for new trial. In other jurisdictions additional findings of fact may be made before entry of judgment or may be done thereafter while a motion for new trial is pending. This rule obtains in New York, Michigan, California, Utah, Oregon, Texas, and in many other jurisdictions, and the authority to make additional findings after the judgment has become final has been denied in California, Nebraska, Utah, Colorado, Idaho, and Texas. In Indiana the amendment can be made at any time before bill of exceptions is filed, but the procedure in that state requires the bill of exceptions to be filed within the term of court at which judgment was rendered or within an extended time allowed · by the court.

In Utah a statute is in force providing that additional findings of fact may be made by the court before the motion for new trial has been passed upon by the trial court or before notice of appeal is served and filed. But the court in the case of Holm v. Davis et al., 125 Pac. 403, he'd that independent of such statute the court, after the expiration of the term at which the action was tried and determined, notwithstanding the pendency of a motion to retax the costs, had no jurisdiction to modify the findings on its own motion.

In the case of Clawson v. Wallace, 16 Utah, 300, the same court said:

"It is not good practice either in the case of law or equity, nor is it proper in either class of cases, after findings and judgment, for the court to supplement such finding and file 'such' additional findings at the request of either party, while the judgment is allowed to stand."

—and cites in support thereof Kahn v. Smeting Co., 2 Utah, 371; Fisher v. Emerson, 15 Utah, 517.

In the case of Hawzhurst v. Rathgeb, 51 Pac. 846, where it was contended that a recital in the order overruling the motion for new trial in effect changed and revised the findings upon which the judgment was rendered, the Supreme Court of California said:

"After findings had been filed and judgment entered thereon they can be changed or modified, except in respect of mere clerical errors or misprision, only by the granting of a new trial."

The Colorado court in the case of Wilson et al. v. Collins, 102 Pac. 23, said.

"We know of no authority which will permit the court after an adjournment of a term and in vacation to revise its findings made in term time or to substitute therefor different and contradictory findings which afterward, and in vacation, it might conclude ought to have been, but were not made during the term"

—and cites in support thereof Sieber v. Frink (Colo.) 2 Pac. 901; Schuster v. Rader (Colo.) 22 Pac. 505.

In the case of Los Angeles County v. Lankershim, 35 Pac. 153, the Supreme Court of California held that:

"After the entry of final judgment the court has no power to change the findings of facts in any material respect. * * * The entry of final judgment terminates the jurisdiction of the court over the cause and the parties, except as otherwise expressly provided by law"

—and cites numerous cases in support thereof.

The cases above cited and an examination of the authorities in many other jurisdictions lead us to the conclusion that the great weight of authority is, in the absence of a statutory provision, the court has no jurisdiction to make an additional finding of fact after the motion for new trial has been overruled and the term of court, at which judgment was rendered and order made overruling the motion for new trial, has adjourned. and we so hold.

In the case of Allen v. Wildman, 38 Okla. 652, 134 Pac. 1102, this court held that:

"If, upon the trial of a question of fact by the district court, material facts have been proved, but not found, the court should be requested, before any motion for new trial, to modify the findings made to include

the additional facts, or make further findings covering such facts, and only in the event of a refusal of the court to make the corrections, or to supply the omission, does ground for a new trial exist."

In the case before us the court had granted the motion for further finding of fact and stated that such findings would be made as required and took the matter of said motion under advisement for the making of such findings.

The motion for new trial was then considered; it was plaintiff's motion and was presented by it without objection. Had the plaintiff objected to the consideration of the motion for new trial at that time, thereby calling the attention of the trial court to the necessity of making the requested findings before passing upon said motion, doubtless the trial court would have followed the proper procedure to protect the interest of the parties. A party cannot sit silently by and permit or by its acts encourage the court to commit an irregularity or commit error, if any committed, when it was within its power to prevent the same, and then speculate upon the result. Brown v. First National Bank, 35 Okla. 726, 130 Pac. 140. Had the court withheld its ruling on the motion for new trial until the next term of court and until after the findings of fact were made, a different question would here be presented. But where the court immediately following the granting of plaintiff in error's request for additional findings of fact, without objection, overruled the motion for new trial and permitted the judgment to become final by the adjournment of that term of court, it was without power and jurisdiction to make additional findings of fact at a subsequent term of court, and such additional finding of facts and subsequent actions taken thereon are a nullity, and the appeal based thereon brings nothing before this court for review. The plaintiff in error having failed to object to the consideration of the motion for new trial, at the time, has waived the error, if any, of the trial court in passing upon the motion for new trial without having made the additional finding of fact requested by the plaintiff in error. We therefore conclude that the motion to dismiss should be sustained and the appeal in this cause dismissed. It is so ordered.

Note.—See under (1) 38 Cyc. p. 1989. (2) 4 C. J. p. 565, §2379 (Anno). (3) 4 C. J. p. 721, §2635 (Anno).