**W. D. GIBSON & SON v. ROGERS et al.**

No. 20611.   Opinion Filed Feb. 2, 1932.

Rehearing Denied March 1, 1932.

O. W. Patchell, for plaintiff in error.

R. E. Bowling, for defendant in error.

LESTER, C. J. The plaintiff in error obtained a judgment in the justice of peace court, and in due time the defendant appealed from said judgment to the district court by giving an appeal bond signed by himself as principal and J. D. Hibdon and W. O. Martin as sureties. Before the case reached trial in the district court, the defendant died. Thereafter there was an administrator appointed to administer upon the estate of the said defendant and the cause was revived in the name of the administrator. Thereafter the cause proceeded to trial in the district court and a judgment for the sum recovered in the justice of peace court was rendered.

Notice was thereafter given to the sureties under the statute and they came into court and moved for judgment on the pleadings, said motion was sustained and judgment rendered thereon in favor of said sureties, and from this judgment plaintiff below appeals.

The sureties in this court argue that where the appellant dies and judgment is rendered against him, the judgment creditor must first file his claim before the probate court before he can procure a judgment against the sureties on appeal.

Section 1021, C. O. S. 1921, provides:

"When final judgment shall be rendered against the appellant in any action appealed from the justice's court, the appellate court, on motion of the appellee, or any other person having an interest in such judgment, or a right to any part of the costs in such actions, after ten days' notice of such motion, to be served upon the sureties on the appeal bond of appellant by copy delivered to them, may enter up judgment in the name of the appellee or his legal representatives, against the said sureties for the amount of such judgment and the costs, which, by the terms thereof, the appellant may be required to pay. Execution may be issued on such judgment as in other cases for the use and benefit of the successful party or any person interested in such judgment, or in the costs of such action. In case the bondsmen appeal from the judgment entered upon such motion, execution thereon shall be stayed 60 days."

After the plaintiff recovered judgment before the justice of peace, his right of satisfaction thereon was postponed by virtue of the defendant in the justice of peace court giving an appeal bond signed by the sureties herein. The position of the sureties in contending that the plaintiff must first file his claim before the probate court for satisfaction places him in the same position which he would have occupied had no appeal been taken.

4 C. J. 1308, sec. 5, states:

"The death of appellant pending the appeal and the substitution of his personal representatives in his stead do not prevent the rendition of a summary judgment against the sureties."

See, also, Bancroft v. Stanton, 7 Ala. 351.

The death, in our opinion, did not change the status of the sureties. Certainly, if the plaintiff had obtained judgment on appeal during the life of the appellant, the defendant by giving an appeal bond and notice as required by section 1021, supra, would have been entitled to a summary judgment against said sureties, and we find no rule or reason that would relegate the plaintiff back to the position that he occupied prior to the appeal taken from the judgment rendered in the justice of peace court.

The judgment is reversed, with instructions to proceed in said cause not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON and ANDREWS, JJ., absent.