### JARECKI MANUFACTURING CO. v. FLEMING.

No. 22690. Nov. 27, 1934.

Rehearing Denied Dec. 18, 1934.

M. A. Dennis, for plaintiff in error.

Cochran & Noble and S. L. O'Bannon, for defendant in error.

PER CURIAM. For convenience the par-

ties hereto will be given the designation of plaintiff and defendant which they had in the trial court.

In 1924, plaintiff sued defendant in the district court of Okmulgee county in replevin for the recovery of certain drilling tools and machinery or their value, and he filed the required affidavit and bond and thereon procured an order for the immediate delivery of the property. Defendant gave a redelivery bond and retained possession. Trial of the cause resulted in a verdict for plaintiff for the property and for $300 as damages for its detention, and fixed the value of the property at $1,200. Judgment for the property or its value was rendered on this verdict, which, on appeal, was affirmed by this court in Jarecki Manufacturing Co. v. Fleming, 123 Okla. 147, 252 P. 17.

On February 7, 1927, after issuance of the mandate in that case, defendant offered in writing to surrender the tools and machinery to plaintiff at the place where they were at the time of the service of the writ of replevin. Plaintiff refused to accept the same at that place, and demanded that they be delivered at his residence in the town of Morris in Okmulgee county. Defendant refused to make delivery in Morris, and refused to pay the damages and costs awarded unless plaintiff would accept the tools and machinery at the place of tender. Thereupon plaintiff caused an execution to be issued on the judgment for the possession of the property, for the damages awarded for its detention and for costs. Defendant moved in the district court to recall and quash the execution on the ground that it had offered in writing to deliver the tools and machinery at the place where they were at the time of the service of the writ, and that plaintiff had refused to accept the same at that place and had demanded that they be delivered at his residence in Morris. Upon a hearing the trial court made an order overruling that motion, from which defendant again appealed to this court, which, on March 20, 1928, affirmed the order in Jarecki Manufacturing Co. v. Fleming, 130 Okla. 95, 265 P. 628.

Thereafter defendant paid plaintiff the $300 awarded as damages for the detention of the property, and also the costs in the action, but it failed and refused to deliver the property at the place demanded by plaintiff.

On February 2, 1931, plaintiff filed in the district court a motion for the issuance of

a general execution, alleging that the special execution issued on the specific property had never been returned by the sheriff and had been lost, and that the time within which to return the same had expired; that the property had not been delivered to plaintiff and the alternative judgment for $1,200 as its value had not been satisfied; that the property had been exposed to the elements during all the intervening time, and had been used or permitted to be used by the defendant, and had so depreciated in value that it would not now bring any sum approximating the value found by the jury.

To that motion defendant filed a response in which it denied that it had refused to deliver the property; alleged that plaintiff had assigned the judgment and was no longer the owner thereof; that, on February 7, 1927, defendant tendered to plaintiff all the property and delivered possession thereof to the sheriff under the special execution; that defendant had not interfered with plaintiff's possession of the property at any time since and had not attempted to exercise any control or ownership thereover; that it had frequently informed plaintiff that it claimed no further right or title thereto; and that defendant had paid the costs of said suit and the damages awarded for the unlawful detention of the property; wherefore, it prayed that plaintiff's motion for a general execution be overruled and that the judgment be ordered satisfied of record.

After a hearing the court made an order overruling defendant's protest and its prayer that the judgment be satisfied of record, and granting plaintiff's motion for a general execution. The present appeal is from that order.

The first assignment is that the court erred in denying defendant's request for a jury trial upon the issues of fact made by the motion and the response thereto.

The assignment is not well taken. A motion for process was not triable to a jury at common law, nor does it come within the provisions of our statutes governing the right to jury trials. Our Constitution (art. 2, sec. 19) provides that "the right of trial by jury shall be and remain inviolate," and it is held that this provision has reference to the right to a jury trial as it existed in Oklahoma Territory at the time of the adoption of the Constitution. State v. Cobb, 24 Okla. 662, 104 P. 361; Baker v. Newton, 27 Okla. 436, 112 P. 1034; Mathews v. Sniggs, 75 Okla. 108, 182 P. 703; Parker v. Hamilton, 49 Okla. 693, 154 P. 65; Hale v. Marshall, 52 Okla.

688, 153 P. 167. Sections 350 and 351, O. S. 1931, which were carried over from the territorial statutes, provide that "issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered," and that "all other issues of fact shall be tried by the court, subject to its power to order any issue or issues tried by a jury or referred." It will be observed that the statutes do not require that all issues of fact arising in any proceeding be tried by a jury, but require that only "issues of fact arising in actions for the recovery of money or of specific real or personal property" be so tried. This motion was not an action for the recovery of money or of specific real or personal property. It was not an action at all. The original suit was an action for the recovery of money or specific personal property. It was tried to a jury, and recovery of the property or its value was therein finally adjudged. That judgment, affirmed by this court, was a "final determination of the rights of the parties" in that action (sec. 416, O. S. 1931), and terminated the action (Needles v. Frost, 2 Okla. 19, 35 P. 574).

This proceeding was an application to the court, after the issues of fact in the action had been determined and a recovery had been adjudged, for the process which the law provides for the enforcement of the judgment rendered. The right to such process is determinable by the court and not by a jury. In certain cases the right may depend upon the determination of issues of fact, but they are not "issues of fact arising in actions for the recovery of money or of specific real or personal property." The motion for process, even though contested, is not an action. It is only a proceeding for the enforcement of a final judgment in an action already over. It is solely for the court to enforce its judgments, to determine whether process shall be issued thereon, and if so, the character thereof, and to control its processes; and in so doing it will exercise its own legal judgment both as to the law and the facts. Barnett v. Bohannon, 27 Okla. 368, 112 P. 987; Trudgeon v. Gallamore, 38 Okla. 536, 134 P. 664; State v. Hoover, 43 Okla. 299, 142 P. 1110.

In Cassidy v. Morris, 19 Okla. 203, 91 P. 888, the Territorial Supreme Court, in an opinion by Chief Justice Burford, discussing a somewhat analogous situation and construing the identical statutes here involved, held that motions are not pleadings, and

that the issues referred to in the statute which are triable by a jury are only such issues as are made by the pleadings in the case, and that "mere collateral issues that may arise upon motions are not included in the issues triable to a jury." In McComb v. Watt, 39 Okla. 412, 135 P. 361, it was held that the issues made by a motion to discharge an attachment on the ground that the property levied upon was legally exempt were triable to the court and not to a jury. In Gladys Belle Oil Co. v. James, 102 Okla. 136, 227 P. 119, it was held, citing Needles v. Frost, supra, that the action is finally disposed of when final judgment is rendered, and that an order of sale subsequently issued thereon, which is a special execution, is merely an instrument to carry the judgment into effect. In Re Burrows, 33 Kan. 675, 7 P. 148, it was held that a judgment debtor is not entitled to a jury trial upon his examination under the provisions of the Code "in aid of execution" as to whether he unjustly refused to apply money in his possession and under his control, not exempt by law, toward the satisfaction of the judgment under which the proceedings were had.

Of course, the judgment or proceedings thereunder may be the basis or cause of subsequent actions in which the parties would be entitled to a jury trial. A garnishee upon whose answer an issue is joined is entitled to a jury trial upon the question of his indebtedness to the defendant. Bell-Wayland Co. v. Nixon, 57 Okla. 138, 156 P. 1195. A third party claiming either real or personal property levied upon might be entitled to a jury trial upon the question of his right and title to the property. But we have no such condition here. This controversy is solely between the parties to the original judgment, and involves only the question whether the court should submit to a jury the propriety or legality of issuing a general execution upon a final judgment. We hold that it should not.

Next, it is assigned that the court erred in sustaining plaintiff's motion for a general execution, because it was shown that plaintiff had assigned the judgment to A. M. Milam, and had issued an order to defendant to deliver to Milam the personal property awarded by the judgment.

The evidence showed that a bank owned a note executed by plaintiff, Ed Fleming, as principal, and by A. M. Milam and another, as sureties, and secured by a mortgage on the property involved in the replevin suit, on which note the bank obtained a personal judgment against Fleming and Milam for $1,650 and interest, attorney's fees and costs; and that Milam purchased this judgment and caused it to be assigned to his wife in trust for him. Later, he caused a garnishment to be issued thereon against defendant, Jarecki Manufacturing Company, as a judgment debtor of Fleming. Thereupon a written agreement was entered into between plaintiff, Fleming, and Mrs. Milam to the effect that Jarecki Manufacturing Company "may pay" to Mrs. Milam the money owing by it to Fleming under the original judgment in this case, and "may deliver" to her the tools and machinery or their value which had been awarded to Fleming by said judgment, and that the garnishment proceedings should be dismissed; and that, if the property or money should be delivered or paid to Milam or his wife, the same should be held for the use and benefit of plaintiff, Fleming, and that Milam should have authority to sell the property on such terms and conditions as were satisfactory to Fleming.

The agreement was not free from ambiguity. Both plaintiff and Milam testified that it was made only to facilitate payment of the judgment rendered in the bank's case. On its face it was not an assignment of plaintiff's judgment against the Jarecki Manufacturing Company, either in terms or in legal effect. It contained no words of assignment or grant. It did not purport to pass to Mrs. Milam title to that judgment. It did not purport to satisfy the judgment which Milam had purchased from the bank. It only gave plaintiff's consent that Jarecki Manufacturing Company might pay to Mrs. Milam what was due to plaintiff under his judgment, and might deliver to her the property awarded to him, in which event she should hold the same for plaintiff's use and benefit, and should sell the property on such terms and conditions as were satisfactory to him. It did not purport to preclude payment or delivery to plaintiff. The agreement was never filed or recorded at any place. There was no contest between Milam and plaintiff as to the ownership of that judgment. Both testified that the agreement was not intended as an assignment, and that plaintiff still owned the judgment against the Jarecki Manufacturing Company.

Defendant, Jarecki Manufacturing Company, was not a party to the agreement, and it was not entered into for its benefit. Excepting its right to protection against being required to make more than one satisfaction of the judgment, it was not con-

cerned with the agreement. A judgment debtor is concerned with an assignment of the judgment against him only for his own protection, to prevent having to pay the judgment twice; and, if a purported assignment is ambiguous and is susceptible of being construed as not passing title to the judgment, and if the court and both parties to it expressly so construe it, the judgment debtor has no standing to question that construction.

If the agreement in question had been exhibited to defendant, and if, pursuant to the consent therein given, it had delivered the property and paid the money to Mrs. Milam, its obligation would have been thereby discharged and the judgment satisfied; but, not having made payment or delivery either to plaintiff or to Mrs. Milam, and they concurring in construing the agreement between them as not being an assignment, defendant will not be heard to construe it otherwise. This assignment is therefore overruled.

The only other assignment of error urged is that plaintiff was not entitled to a general execution under his alternative judgment in replevin, because the property had been tendered to him. It is urged that, on February 7, 1927, defendant tendered to plaintiff the tools and machinery, and that defendant had not interfered with plaintiff's possession thereof at any time since, had not attempted to exercise any control thereover, and had informed plaintiff that it claimed no further right or title thereto.

But the tender relied on was the one urged as a ground for recalling and quashing the special execution previously issued,—the offer to surrender the tools and machinery at the place where they were at the time of the issuance of the writ of replevin instead of complying with plaintiff's request to deliver them at his residence in the town of Morris; and that offer was found by the trial court not to constitute a sufficient tender, and the order made thereon was affirmed by this court in Jarecki Manufacturing Co. v. Fleming, 130 Okla. 96, 265 P. 628. That decision is the law of this case upon that question. Krauss v. Potts, 53 Okla. 379, 156 P. 1162; Leonard v. Showalter, 41 Okla. 122, 137 P. 346; Midland S. & L. Co. v. Sutton, 93 Okla. 230, 220 P. 663. It was therein held that, considering that defendant had wrongfully moved the property, and that, if plaintiff were required to accept it at its location on the date of the issuance of the writ, the cost of transporting

the same would wrongfully fall on him, plaintiff had the right to designate a reasonable and convenient place for its delivery; that under the circumstances, the town of Morris was a reasonable place, and that it was defendant's duty, upon plaintiff's request, to make delivery at that place.

It having previously been adjudged by the trial court that the tender now relied on was insufficient, and that judgment having been affirmed by this court, that question cannot be relitigated in this proceeding. This assignment of error, therefore, must be overruled.

The evidence showed that a substantial portion of the property awarded to plaintiff by the judgment is now missing, and that the remainder has greatly deteriorated in value by use, exposure to the elements, and lapse of time, so that its value does not now even approximate that which the jury and the court found that the property had. Under those circumstances,—defendant not having tendered the property at a proper place and within a reasonable time, and having waited until a substantial portion of it has been lost or destroyed and the remainder has greatly depreciated in value,—plaintiff cannot now be required to accept the property in satisfaction of his judgment, and he is entitled to an execution for the value thereof as fixed by the original judgment. Conner v. Bates (Tenn.) 22 S. W. 4; Hallidie Machinery Co. v. Whidbey Island Sand & Gravel Co. (Wash.) 131 P. 1156; Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Caldwell v. Stiles, 80 Okla. 106, 194 P. 226; Dupree v. Jordan, 123 Okla. 91, 252 P. 67; Dew v. Hoffman, 130 Okla. 247, 266 P. 1107; Western Silo Co. v. Cousins, 76 Okla. 154, 184 P. 92; Jarecki Manufacturing Co. v. Fleming, 130 Okla. 95, 265 P. 628; Lawer Auto Supply Co. v. Teton Auto Co. (Wyo.) 284 P. 1001.

The order of the trial court awarding a general execution is affirmed.

The Supreme Court acknowledges the aid of Attorneys D. A. Richardson, Robert M. Rainey, and John F. Webster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Richardson and approved by Mr. Rainey and Mr. Webster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.