**MARTIN et al. v. W. D. GIBSON & SON.**

No. 24679.    Dec. 27, 1934.

O. W. Patchell, for plaintiffs in error.

R. E. Bowling, for defendant in error.

WELCH, J. The defendant in error obtained a judgment in the justice of the peace court, and in due time the defendant appealed to the district court by giving an appeal bond with plaintiffs in error, W. O. Martin and J. D. Hibdon, as sureties. Thereafter judgment was rendered for plaintiff in the district court, and notice was given to the sureties of plaintiff's motion for judgment on the appeal bond, pursuant to section 1032, O. S. 1931.

The sureties appeared in the district court and their motion for judgment on the pleadings was sustained. From that judgment the plaintiff appealed to this court, and that judgment was reversed in Gibson & Son v.

Rogers, 155 Okla. 208, 8 P. (2d) 686, and the cause remanded.

Thereafter judgment was rendered in favor of the original plaintiff and against the sureties on the appeal bond, and from that judgment the sureties, as plaintiffs in error, prosecute this appeal.

The former decision of this court determined the right of the plaintiff to judgment against the sureties in so far as the pleadings and procedure were concerned, and pursuant to that former decision the judgment here under consideration was rendered.

The plaintiffs in error question that judgment and assert that the appeal bond was not properly taken and approved by the justice of the peace. The facts are that the appeal bond was presented to and filed by the justice of the peace within the statutory time. He accepted and filed the bond and was satisfied that it was a good bond, and, in fact, approved it, but in marking the indorsement on the bond he marked it filed, and by inadvertence and oversight neglected to mark or indorse the approval upon the bond itself. He then forwarded his transcript and the appeal bond to the district court, and it was in all respects relied upon and considered and accepted as an appeal bond. In the hearing preceding the rendition of the judgment now under consideration, the trial court found that the appeal bond was in truth and in fact accepted, filed, and approved by the justice of the peace, and permitted the approval to be then indorsed and noted by the justice of the peace. No reason or authority is shown why that action should not be sustained.

Plaintiffs in error question the sufficiency of the notice to the sureties of plaintiff's motion for judgment on the appeal bond. It does not appear that any serious contention was made in the trial court that this notice was not given. The sureties appeared in the trial court to resist the motion both prior to the former appeal and subsequent thereto. It was stated in the former opinion of this court that such notice was given, and in rendering the judgment now considered the trial court found such notice was given and that the sureties appeared in opposition to the motion for judgment. We, therefore, conclude that this contention cannot be sustained.

As further grounds for reversal, the plaintiffs in error contend for the right to trial by jury. This proceeding for judgment against sureties on an appeal bond is somewhat summary in character. It is specifically provided for in section 1032, O. S. 1931,

after final judgment has been rendered in the district court on appeal. When plaintiffs in error signed as sureties on the appeal bond they subjected themselves to the liabilities imposed by law, including such procedure and such judgment, in case judgment in the district court should again be rendered for plaintiff. There is no provision for a jury trial upon such a motion, and no indication whatever that a right to trial by jury was contemplated or to be permitted. We, therefore, conclude that this contention cannot be sustained. See Jarecki Manufacturing Co. v. Fleming. 170 Okla. 170. 38 P. (2d) 925.

The judgment appealed from was entered in further proceedings consistent and in accordance with the opinion of this court upon the former appeal. We find no error therein, and the same is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS, J., absent.